IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES COX,

    Plaintiff,

vs.

THE NEW MEXICO DEPARTMENT OF PUBLIC SAFETY; JOHN DENKO, in his individual capacity and in his official capacity as Secretary of the New Mexico Department of Public Safety; CARLOS MALDONADO, in his individual capacity and in his official capacity as Deputy Secretary of the new Mexico Department of public Safety; MATTHEW MURRAY, in his individual capacity and in his official capacity as Director, Motor Transportation Division; MARK ROWLEY, in his individual capacity and in his official capacity as Deputy Director, Motor Transportation Diviaoin; LAWRENCE HALL, individually; and PETER OLSON, in his capacity as Communications Director of the New Mexico Department of Public Safety,

    Defendants.

Case No. CIV-06-656 LH/WPL

06 JUL 24 PM 2:06

CLERK-SANTA FE

## NOTICE OF REMOVAL

The Defendants, by and through their attorneys, Long, Pound & Komer, P.A., hereby give notice of removal, and state to the Court that they are named as defendants in a civil suit which was filed in the First Judicial District Court, County of Santa Fe, State of New Mexico, case No. D-0101-CV-2006-01415. The said civil suit was filed in the State Court on June 20, 2006. Pursuant to 28 USC §1446(b), this Notice is being filed within thirty (30) days of the date the case became eligible for removal. Plaintiff in this case is Charles Cox.

## STATEMENT OF GROUNDS FOR REMOVAL

The grounds for removal are as follows:

1.  The claims against the Defendants, as expressly stated in the complaint, include causes of action pursuant to the provisions of 42 U.S.C. §1981, §1983, *et seq*. Accordingly, the Defendants are parties to a civil action in which the United States District Courts have original jurisdiction founded under a claim or right arising under the laws of the United States (28 U.S.C. §1441(b)). In addition, the civil action brought against the Defendants is one of which the District Courts of the United States have original jurisdiction (28 U.S.C. §1441(a)), and falls under 42 U.S.C. §1443.

2.  A copy of the Complaint is attached hereto as Exhibit A. Pursuant to 28 USC §1441(b) and DNMLR – Civ 81(a) 1996, copies of all New Mexico District Court records of this case existing in the file from the First Judicial District Court will be filed with this Court within thirty (30) days of the filing of this notice.

LONG, POUND & KOMER, P.A.<br>
*Attorneys for Defendants*

/s/ Mark F. Komer<br>
_____<br>
MARK F. KOMER<br>
2200 Brothers Road<br>
P. O. Box 5098<br>
Santa Fe, NM  87502-5098<br>
505-982-8405<br>
505-982-8513 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2006, a true and correct copy of the foregoing Notice of Removal was mailed first class, postage prepaid, to the following counsel of record:

Cindi L. Pearlman, Esq.
Cindi L. Pearlman, P.C.
P. O. Box 370
Tijeras, NM 87059

_____
MARK E. KOMER

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

ENDORSED
First Judicial District Court

JUN 2 2 2006

Santa Fe, Rio Arriba &
Los Alamos Counties
PO Box 2268
Santa Fe, NM 87504-2268

CHARLES COX,

    Plaintiff,

vs.                                NO: D-0101 CV 2006-1415

THE NEW MEXICO DEPARTMENT OF PUBLIC
SAFETY, JOHN DENKO, in his individual capacity and
in his official capacity as Secretary of the New Mexico
Department of Public Safety; CARLOS MALDONADO in his individual
capacity and in his official capacity as Deputy Secretary of the
New Mexico Department of Public Safety; MATTHEW MURRAY, in his individual
capacity and in his official capacity as Director, Motor Transportation Division;
MARK ROWLEY, in his individual capacity and in
his official capacity as Deputy Director, Motor Transportation Division;
and LAWRENCE HALL, individually and PETER OLSON, in his capacity as
Communications Director of the New Mexico Department of Public Safety.

    Defendants.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
## AND FOR FAILURE TO PRODUCE PUBLIC RECORDS

Plaintiff, Charles Cox ("Cox" or "the plaintiff"), through counsel, states for his Complaint against the defendants:

### Introduction

1. This is a civil action for money damages, injunctive and declaratory relief and civil penalties arising under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, Title VII of the Civil Rights act of 1964, as aended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), Article II, Sections 17 and 18 of the New Mexico

1


EXHIBIT A

Constitution, and the New Mexico Inspection of Public Records Act, NMSA 1978 §§ 14-2-1 through 14-2-12 ("IPRA"). The plaintiff's claims brought under Title VII are brought against the New Mexico Department of Public Safety ("DPS") only.

2. Venue in this Court is proper pursuant to NMSA Sec. 38-3-1(G).

### Parties

3. Plaintiff, Charles Cox ("Cox"), is a resident of the City of Las Cruces, County of Dona Ana, State of New Mexico and so resided at all times material to his complaint. Plaintiff was employed by DPS for approximately sixteen years until he was terminated effective October 28, 2005, and was a full time and permanent employee of DPS. He has a recognized property interest in continued public employment and in the salary and benefits associated with his employment.

4. Defendant John Denko ("Denko") was, at all material times, the Cabinet Secretary of DPS. At all times material hereto, Denko acted under color of state law and within the course and scope of his employment with DPS. Defendant Denko was the final decision maker of DPS at times material hereto. The Plaintiff seeks monetary damages against Denko in his individual capacity only and seeks injunctive and declaratory relief against him in his official capacity as Secretary of DPS. Denko directed his subordinates and acted in concert with the other defendants to accomplish the illegal and unconstitutional acts alleged herein and to deprive the Plaintiff of his rights protected by the Constitutions of the United States and the State of New Mexico.

5. Defendant Carlos Maldonado ("Maldonado") was, at all material times, a Deputy Secretary of DPS and the Chief of the New Mexico State Police. At all times material hereto, Maldonado acted under color of state law and within the course and scope of his employment with

2

DPS. The Plaintiff seeks monetary damages against Maldonado in his individual capacity only. Maldonado directed his subordinates and acted in concert with the other defendants to accomplish the illegal and unconstitutional acts alleged herein and to deprive the Plaintiff of his rights protected by the Constitutions of the United States and the State of New Mexico.

5. Defendant Matthew Murray ("Murray") was, at all material times, the DPS Motor Transportation Division Director. At all times material hereto, Murray acted under color of state law and within the course and scope of his employment with DPS. The Plaintiff seeks monetary damages against Murray in his individual capacity only and seeks injunctive and declaratory relief against him in his official capacity as the Motor Transportation Division Director of DPS. Murray directed his subordinates and acted in concert with the other defendants to accomplish the illegal and unconstitutional acts alleged herein and to deprive the Plaintiff of his rights protected by the Constitutions of the United States and the State of New Mexico.

6.. Defendant Mark Rowley ("Rowley") was, at all material times, the Motor Transportation Division Deputy Director of DPS. At all times material hereto, Rowley acted under color of state law and within the course and scope of his employment with DPS. The Plaintiff seeks monetary damages against Rowley in his individual capacity only and seeks injunctive and declaratory relief against him in his official capacity as the Motor Transportation Division Deputy Director of DPS. Rowley directed his subordinates and acted in concert with the other defendants to accomplish the illegal and unconstitutional acts alleged herein and to deprive the Plaintiff of his rights protected by the Constitutions of the United States and the State of New Mexico.

7. Defendant Lawrence Hall ("Hall") was, at all material times, a Sergeant in the

3

JUL-20-2006(THU) 13:49 Legal Bureau NM Risk Management Case 1:06-cv-00696-JAP-CG Document 1 Filed 07/24/06 Page 7 of 16 P 018/031

7- 3-06;12:43PM;DPS LEGAL ;15050273307 # 11/ 20

Motor Transportation Division of DPS. At all times material hereto, Hall acted under color of state law and within the course and scope of his employment with DPS. The Plaintiff seeks monetary damages against Hall in his individual capacity only. Hall acted in concert with the other defendants to accomplish the illegal and unconstitutional acts alleged herein and to deprive the Plaintiff of his rights protected by the Constitutions of the United States and the State of New Mexico.

8. Defendant Peter Olson ("Olson") was the Director of Communications of DPS at all material times, and was a custodian of public records within the meaning of the IPRA at all such times.

9. Defendant DPS is a duly constituted Department of the State of New Mexico, and is sued herein only with respect to conduct for which its immunity from suit has been waived by statute.

## FACTS COMMON TO ALL COUNTS

10. Cox was employed by DPS from May 30, 1989 until his termination effective October 28, 2005, and last held the position of Captain MTD Southern Zone. He had a long history of excellent performance reviews and no significant disciplinary record.

11. Beginning around August, 2004, Cox began complaining of the preferential treatment of a black patrolman ("Baker") on the basis of his race, including DPS' refusal to discipline him for his failure to act in compliance with DPS policies and regulations and direct orders.

12. These complaints were about matters of public concern. Cox was not in Baker's chain of command and made these complaints in his capacity as a citizen and not pursuant to his

4

official duties for DPS.

13. Cox made these complaints to DPS and to its EEO officer.

14. In or about June, 2005, Cox complained to Murray that a New Mexico State Police officer, Jaime Leyva, had reported to a crime scene in his state police unit under the influence of alcohol while on duty, creating a danger to the public welfare.

15. Cox made this complaint in his capacity as a citizen and not pursuant to his official duties for DPS.

16. Cox's complaint that a state police officer had engaged in the dangerous and illegal conduct described above while on duty was a complaint about a matter of high public concern.

17. On or about August 10, 2005, DPS served Cox with a notice of contemplated termination in retaliation for his complaints of the differential treatment of an employee on the basis of his race and his complaint regarding Jaime Leyva.

18. Defendants Denko, Madonado, Murray, Rowley and Hall conspired with others to create fabricated and pretextual reasons to provide support for the retaliatory notice of contemplated termination, and relied on and repeatedly asserted these pretextual reasons throughout the termination process.

19. Cox was terminated effective October 28, 2005 in retaliation for his complaints of the differential treatment of an employee on the basis of his race and his complaint regarding the illegal conduct of a state police officer, all matters of public concern.

## COUNT ONE
## DISCRIMINATION IN VIOLATION OF TITLE VII

20. Cox realleges the allegations set forth in paragraphs 1 through 19, and further alleges:

21. At all times material hereto, defendant DPS was engaged in an industry affecting commerce and regularly employed fifteen (15) or more employees, and was the plaintiff's employer within the meaning of Title VII.

22. Cox was terminated effective October 28, 2005 in retaliation for his complaints of the differential treatment of an employee on the basis of his race

23. On or about January 24, 2006, Cox filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming that DPS had terminated him in retaliation for his complaints regarding the preferential treatment of an African-American employee on the basis of his race. (Charge No. 390-2006-00404).

24. On or about April 26, 2006, the EEOC issued a notification to Cox of his right to bring suit on his claims pertinent to EEOC Charge No.390-2006-00404 and mailed the notice to Cox.

25. DPS acted illegally and in violation of Title VII by retaliating against Cox because of his complaints about the preferential treatment of an African-American employee on the basis of his race.

26. The unlawful employment practices alleged herein were committed within the State of New Mexico and arise from Cox's employment with DPS.

6

27. As the result of DPS' unlawful conduct, Cox has suffered damages, including but not limited to loss of income and benefits, damage to his reputation, emotional distress, disruption of his career and the like.

28. Cox has therefore instituted this action to obtain appropriate relief as provided by Title VII.

29. The unlawful employment practices alleged herein were intentional, and constitute part of a pattern and practice of similar discriminatory and retaliatory acts.

## COUNT TWO

### DEPRIVATION OF RIGHTS PROTECTED BY THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION AND BY ARTICLE II, SECTION 17 OF THE NEW MEXICO CONSTITUTION

30. Cox realleges and incorporates by reference the allegations set forth in paragraphs 1 through 29, and further alleges:

31. At all material times, the law was clearly established that a State employee may not be treated differently because he has spoken out on matters of public concern acting as a citizen.

32. By retaliating against Cox because he spoke out on matters of public concern, Denko, Maldonado, Murray, Rowley and Hall violated Cox's rights protected by the First Amendment to the United States Constitution and Article II, Section 17 of the New Mexico Constitution.

33. In so doing, defendants Denko, Maldonado, Murray, Rowley and Hall acted maliciously, intentionally, individually and with the purpose of punishing Cox in retaliation for conduct protected by the First Amendment to the United States Constitution and Article II, Section 17 of the New Mexico Constitution.

7

34. As a direct and proximate result of the defendants' acts and omissions, Cox has sustained damages including loss of past and future income, loss of benefits, loss of opportunity for advancement in his career and other rights, benefits and privileges of his employment. Moreover, Cox has sustained mental anguish and emotional distress. He has been required to retain the services of an attorney and has incurred legal costs in seeking redress for the violations of is constitutional rights. His injuries are redressable under 42 U.S.C. §§ 1983 and 1988 and the Mexico Constitution.

35. Defendants Denko, Maldonado, Murray, Rowley and Hall's actions were in willful and malicious abuse of their official power, and were knowingly and intentionally undertaken in their individual capacity for the purpose of depriving Cox of his constitutional rights or with deliberate indifference or reckless disregard of his rights, entitling Cox to an award of punitive damages.

## COUNT THREE

## DEPRIVATION OF RIGHTS PROTECTED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND BY ARTICLE II, SECTION 18 OF THE NEW MEXICO CONSTITUTION

36. Cox realleges and incorporates by reference the allegations set forth in paragraphs one through 35 of his complaint, and further alleges:

37. As a classified public employee who had successfully passed his probationary period Cox had a legitimate expectation of continued employment with the State of New Mexico and in the continued receipt of the salary and benefits associated with his employment which was a property interest created by and existing by virtue of state law.

38. Defendants Denko, Maldonado, Murray, Rowley and Hall's actions alleged above

8

were all accomplished with bad faith, malice, knowledge and deliberation, constituted a willful, deliberate, malicious and outrageous abuse of the power of the state and were of a nature and quality to shock the conscience of any reasonable person. Said acts and omissions were an arbitrary and irrational exercise of the powers of the state to deprive Cox of his liberty and property without any reasonable justification and thus deprived him of his right to substantive due process protected by the Fourteenth Amendment to the United States Constitution and Article II, Section 18 of the New Mexico Constitution.

39. The defendants' acts and omissions described herein violated well-established law.

40. As a direct and proximate result of the defendants' acts and omissions, Cox has sustained damages including loss of past and future income, loss of benefits, loss of opportunity for advancement in his career and other rights, benefits and privileges of his employment. Moreover, Cox has sustained mental anguish and emotional distress. He has been required to retain the services of an attorney and has incurred legal costs in seeking redress for the violations of is constitutional rights. Cox's injuries are redressable under 42 U.S.C. §§ 1983 and 1988 and the New Mexico Constitution.

41. The individual defendants' actions were in willful and malicious abuse of their official power, and were knowingly and intentionally undertaken in their individual capacities for the purpose of depriving Cox of his constitutional rights or with deliberate indifference or reckless disregard of his rights, entitling Cox to an award of punitive damages.

## COUNT FOUR

## VIOLATION OF IPRA

42. Cox realleges and incorporates by reference the allegations set forth in paragraphs

9

one through 41 of his complaint, and further alleges:

43. Defendant Olson is a custodian of public records within the meaning of the IPRA § 14-2-6(A).

44. The acts complained of herein took place in Santa Fe County, New Mexico, within the First Judicial District.

45. Beginning in April 2006, Cox repeatedly requested Defendant Olson to grant him access to the documents and information containing or pertaining to all complaints filed against MTD Officer Howard Baker from August 2003 through August 2005.

46. Olson repeatedly denied his request by claiming inapplicable exceptions to the IPRA and subsequently by purporting to consider the request while effectively denying it. Such denials were made in bad faith and in conscious and knowing disregard of the requirements of the IPRA.

47. The records Cox has requested are public records within the meaning of the Act, § 14-2-6(E) and do not fall within any exceptions to the IPRA.

48. Cox is entitled to an injunction requiring defendant Olson to allow him to inspect and copy the public records he has requested pursuant to § 14-2-12 of the Act, to damages in the amount of one hundred dollars per day pursuant to § 14-2-11, and to his costs and attorney's fees pursuant to § 14-2-12 of the Act, as well as such other and further relief as this Court may find appropriate.

WHEREFORE, Cox prays that this Court will award him the following relief:

1. Declare that defendants Denko, Maldonado, Murray, Rowley and Hall have acted unconstitutionally and illegally and enjoin them from further similar unconstitutional or illegal

10

acts or omissions.

2. Require Defendant Denko in his official capacity, to:

    a. reinstate Cox to his position as Captain, DPS Motor Transport Division together with all lost pay and benefits and interest thereon at the prevailing rate; and

    b. refrain from retaliating against Cox or causing or allowing any other employee of DPS to retaliate against him for the exercise of his right to free speech or for bringing this action; and

    c. provide a good recommendation to prospective employers; and

    d. reimburse Cox his costs and attorney's fees incurred in this action; and

    e. provide Cox any further additional relief the court deems appropriate under the circumstances.

3. Require DPS to:

    a. reinstate Cox to his position as Captain, DPS Motor Transportation Division together with all lost pay and benefits and interest thereon at the prevailing rate; and

    b. refrain from retaliating against Cox or causing or allowing any other employee of DPS to retaliate against him for the exercise of his right to free speech or for bringing this action; and

    c. provide a good recommendation to prospective employers; and

    d. reimburse Cox his costs and attorney's fees incurred in this action; and

    e. provide Cox any further additional relief the court deems appropriate under the circumstances.

3. Award judgement against the each of the individual defendants in their individual

11

capacities and against DPS follows:

  a. compensatory damages in an amount sufficient to compensate Cox for the injuries he has suffered as a result of the defendants' wrongful acts; and

  b. punitive damages in an amount sufficient to deter the defendants and others from undertaking similar wrongful acts in the future; and

  c. Cox's costs and attorneys' fees incurred in this action; and

  d. any further and additional relief the court deems appropriate under the circumstances.

4. Enter an Order pursuant to the IPRA:

  a. permanently enjoining the defendant Olson from the illegal acts described in Count 4 of this Complaint;

  b. requiring defendant Olson to allow the plaintiff to inspect and copy the public records he has requested;

  c. awarding the damages in the amount of one hundred dollars per day from the date his first request to inspect records was denied;

  d. awarding him his costs and attorney's fees incurred in connection with his IPRA request and Count 4 of this Complaint; and

  e. such other and further relief as this Court may find appropriate.

Respectfully Submitted,

CINDI L. PEARLMAN, P.C.

By: _____
Cindi L. Pearlman
Attorney for the Plaintiff
P.O. Box 370
Tijeras, NM 87059
(505) 281-6797

13